UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARSHEEM JOHNSON,

                              Plaintiff,

v.
                                                                    5:20-CV-1124
D. BIELING, Onondaga County Sheriff's Officer;                      (GTS/ML)
S. MOLLICA, Onondaga County Sheriff's Officer;
J.M. YOUNG, Sgt.; AUGUST NORDON, Public
Defender; BURNETTII, Onondaga County Supreme
Court Judge; CELIE, Onondaga County Drug
Court Judge; and CLIFFTON CARDAN, Public
Defender,

                              Defendants.
_____

APPEARANCES:                                                        OF COUNSEL:

MARSHEEM JOHNSON
   Plaintiff, *Pro Se*
Collins Correctional Facility
Post Office Box 340
Collins, New York 14034

MIROSLAV LOVRIC, United States Magistrate Judge

<u>**ORDER and REPORT-RECOMMENDATION**</u>

## I.    INTRODUCTION

The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an amended

application to proceed *in forma pauperis* (Dkt. No. 5) filed by Marsheem Johnson ("Plaintiff") to

the Court for review.  For the reasons discussed below, I grant Plaintiff's amended *in forma*

*pauperis* application (Dkt. No. 5) and recommend that Plaintiff's Complaint be dismissed in part

with leave to amend, and in part without leave to amend.

## II.    BACKGROUND

On July 2, 2020, Plaintiff commenced a *pro se* habeas corpus action in the Northern District of New York, No. 9:20-CV-0836 (MAD) ("*Johnson I*"), which is currently pending. (*Johsnon I*, Dkt. No. 1.)

On September 17, 2020, Plaintiff commenced this action (*Johnson II*) by the filing of a verified Complaint.  (Dkt. No. 1.)  The Complaint asserts that it is "amending [Plaintiff's] complaint to docket # 9:20-CV-0836."  (Dkt. No. 1 at 2.)

However, construed as liberally[1] as possible, the Complaint alleges that Plaintiff's civil rights were violated by the following seven Defendants: (1) D. Bieling, Onondaga County Sheriff's Officer; (2) S. Mollica, Onondaga County Sheriff's Officer; (3) J.M. Young, Sgt.; (4) August Nordon, Public Defender; (5) Burnettii, Onondaga County Supreme Court Judge;[2] (6) Celie, Onondaga County Drug Court Judge;[3] and (7) Cliffton Cardan, Public Defender (collectively "Defendants").  (*See generally* Dkt. No. 1.)

More specifically, the Complaint alleges that on June 2, 2016, Plaintiff exited the 7-Eleven on North Salina Street and was walking down the street, when Defendant Bieling "jumped out of his patrol car with his taser in hand" and ordered Plaintiff to get on his knees and

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    The Court notes that Plaintiff likely intended to assert claims against retired New York State Supreme Court Justice Brunetti.  However, based on the recommendation *infra* and at this juncture, without additional information from Plaintiff, the Court declines to *sua sponte* amend the caption and will refer to Defendant Burnettii, as alleged by Plaintiff.

[3]    The Court notes that Plaintiff likely intended to assert claims against Syracuse City Court Judge Cecile.  However, based on the recommendation *infra* and at this juncture, without additional information from Plaintiff, the Court declines to *sua sponte* amend the caption and will refer to Defendant Celie, as alleged by Plaintiff.

put his hands on his head.  (Dkt. No. 1 at 6.)  Plaintiff alleges that Defendant Mollica "flew

through the parking lot of N. Salina and Cour[t] St . . .  jumped out of his unmarked car and

placed" handcuffs on Plaintiff and did not read Plaintiff any *Miranda* warnings.  (*Id*. at 13.)

Plaintiff alleges that he was not provided with a search warrant for his person but that Defendant

Bieling pat searched him, took everything out of his pockets, and Defendant Mollica "yanked the

back of [Plaintiff's] pants."  (*Id*. at 6-7, 13.)  Plaintiff alleges that Defendant Bieling "unbuckled

[Plaintiff's] pants in public and (sexually assaulted [Plaintiff]) by grabbing [Plaintiff] by the

groin area."  (*Id*. at 7.)  Plaintiff alleges that he was then placed in the back of a patrol vehicle

and booked at the Onondaga County Justice Center.  (*Id*.)

　　　Plaintiff alleges that Defendant Young "signed off on the police report without a search

warrant."  (*Id*. at 7-8.)

　　　Plaintiff alleges that Defendant Nordon was assigned to represent him with respect to the

pending criminal charges.  (*Id*. at 8.)  Plaintiff further alleges that Defendant Nordon did not

inform Plaintiff of his options, never explained the weight of the drugs, the quantity of the drugs,

whether the drugs were real or fake, did not produce a test report on the drugs, and did not

consider Plaintiff's defense that he was illegally searched.  (*Id*.)  Plaintiff alleges that Defendant

Nordon waived Plaintiff's right to a preliminary hearing without Plaintiff's consent, entered a

plea agreement on Plaintiff's behalf in drug court, and Plaintiff "never [saw] or heard from

[Defendant Nordon] again."  (*Id*.)

　　　Plaintiff alleges that in July 2016, after being held at the Onondaga County Jail for fifty-

five days, he filed a motion pursuant to N.Y. Crim. Proc. Law § 190.80, before Defendant

Burnettii.  (*Id*. at 8.)  Plaintiff alleges that in July 2016, he was brought before Defendant

Burnettii, who informed him that Defendant Nordon had passed away and denied Plaintiff's

motion pursuant to N.Y. Crim. Proc. Law § 190.80.  (*Id*. at 8-9.)

      Plaintiff alleges that in September 2016, Defendant Cardan was assigned to represent him

with respect to the pending criminal charges.  (*Id.* at 9.)  Plaintiff alleges that Defendant Cardan

"never took the time to look into [Plaintiff's] case," failed to provide Plaintiff with documents

establishing the weight, quantity, or quality of the drug he allegedly possessed, and did not

pursue Plaintiff's defenses that he was being improperly held without an indictment, was

illegally searched, and was sexually assaulted by officers.  (*Id*.)  Moreover, Plaintiff alleges that

Defendant Cardan failed to advise him of his options and "forced" Plaintiff into signing the drug

court agreement.  (*Id*.)

      Plaintiff alleges that on September 19, 2017, Defendant Celie sentenced him to a term of

three years-incarceration and two years post-release supervision.  (*Id*. at 10.)  Plaintiff alleges

that Defendant Celie knew that the Onondaga County Sheriff's Department officers "grabbed

[Plaintiff] by the []groin area[,] . . . there was never a []search warrant[] produce[d], . . .

[Plaintiff] was never read [his] []Miranda rights[] while being []handcuffed[], . . . there was no

[]indictment[], . . . there was never a []test result[] produce[d] []showing or stating[] the

[]weight[] . . . of the drug [Plaintiff] was allege[d to have] possessed."  (*Id*. at 10.)

      Based on these factual allegations, Plaintiff asserts the following seven causes of action:

(1) a claim that Defendants violated his right to due process pursuant to the Fourteenth

Amendment and 42 U.S.C. § 1983; (2) a claim that Defendants violated his right to equal

protection, pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (3) a claim of false

arrest, pursuant to the Fourth Amendment and 42 U.S.C. § 1983; (4) a claim of excessive force,

pursuant to the Fourth Amendment and 42 U.S.C. § 1983; (5) a claim of failure to intervene,

pursuant to the Fourth Amendment and 42 U.S.C. § 1983; (6) a claim that Defendants illegally searched and seized him, in violation of the Fourth Amendment and 42 U.S.C. § 1983; and (7) a claim of malicious prosecution, pursuant to the Fourth Amendment and 42 U.S.C. § 1983.  (Dkt. No. 1 at 6.)

As relief, Plaintiff seeks $805,000.00 in damages (based on a demand for $115,000.00 in damages per claim).  (Dkt. No. 1 at 13.)

## III.    PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[4]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. No. 5), and which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization required in the Northern District. (Dkt. No. 6.)

---

[4]    Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

Accordingly, Plaintiff's amended application to proceed with this action IFP is granted. (Dkt. No. 5).

## IV.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[5]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

---

[5]    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## V.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

### A.    Claims Against Defendants Burnettii and Celie

Plaintiff's Complaint appears to assert claims against Defendants Burnettii and Celie in their individual and official capacities, for actions they allegedly took in their positions as Onondaga County Supreme Court Judge and Onondaga County Drug Court, respectively.  (Dkt. No. 1 at 3.)

It is well settled that "officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.  Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."); *Mahapatra v. Comstock*, 97-CV-7129, 1998 WL 88054, at *1 (2d Cir. Feb. 26, 1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity.  Judges are shielded from liability for civil damages for judicial acts performed in their judicial capacities."); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").  This immunity applies to state court judges who are sued in federal court.  *Pizzolato v. Baer*, 551 F. Supp. 355, 356 (S.D.N.Y. 1982), *aff'd sub nom.*

*Pizzolato v. City of New York*, 742 F.2d 1430 (2d Cir. 1983). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

Plaintiff's allegations regarding Defendants Burnettii and Celie appear to relate to actions they took as judges, while presiding over Plaintiff's state criminal proceedings. (*See generally* Dkt. No. 1.) The Complaint is devoid of facts plausibly suggesting that Defendants Burnettii or Celie took any action as an individual, and therefore also fails to allege that either acted in the clear absence of all jurisdiction. As a result, I recommend that the claims against Defendants Burnettii and Celie be dismissed in their entirety based on the doctrine of absolute judicial immunity.

### B.    Claims Against Defendants Nordon and Cardan

"To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)). "However, it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez*, 116 F.3d at 65-66 (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) (per curiam); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law)). Moreover, "[p]rivate attorneys are generally not 'state actors' for purposes of § 1983." *O'Donoghue v. United States Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (citing *Rodriguez*, 116 F.3d at 65-66); *see Szymonik v. Connecticut*, 807 F. App'x 97, 102 (2d Cir. 2020)

(holding that the defendant, "as a private attorney, was not a state actor; that he was licensed by the state to practice law does not render him a state actor."); *Caldwell v. Barrier*, 19-CV-1516, 2020 WL 918717, at *3 (N.D.N.Y. Feb. 26, 2020) (Hummel, M.J.) ("Private attorneys, whether court appointed or privately retained, are not liable under 42 U.S.C. § 1983."), *report and recommendation adopted by* 2020 WL 1904034 (N.D.N.Y. Apr. 17, 2020 (Sannes, J.).

The allegations in the Complaint fail to allege facts plausibly alleging that Defendants Nordon and Cardan were state actors subject to liability pursuant to 42 U.S.C. § 1983.

As a result, I recommend dismissal of the claims against Defendants Nordon[6] and Cardan with prejudice.

### C.    Claims Against Defendants Bieling, Mollica, and Young

After carefully considering the matter, I recommend that Plaintiff's claims for violation of his right to due process, violation of the equal protection clause, and malicious prosecution against Defendants Bieling, Mollica, and Young in their individual capacities be dismissed without prejudice as premature pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because they seek to impugn the validity of his underlying state court criminal proceeding.  In addition, I recommend that Plaintiff's claims for false arrest, excessive force, failure to intervene, and unlawful search and seizure against Defendants Bieling, Mollica, and Young in their individual capacities be dismissed because they are untimely.  Moreover, I recommend that Plaintiff's

---

[6]    The Complaint alleges that Defendant Nordon died during his representation of Plaintiff sometime on or before July 2016.  (Dkt. No. 1 at 8-9.)  To the extent that Plaintiff has any viable claims pursuant to 42 U.S.C. § 1983 against Defendant Nordon, those claims would likely survive Defendant Nordon's death.  *See Graham v. Henderson*, 224 F.R.D. 59, 62-63 (2004) (holding that "[b]ecause no court has held that § 1983 retaliation claims do not survive the death of the defendant in New York and further, because no court held that only § 1983 'personal injury' claims survive the death of the defendant, plaintiff's § 1983 retaliation claim survives the death of defendants.").  However, a motion pursuant to Fed. R. Civ. P. 25(a) must be filed to substitute the proper party on behalf of Defendant Nordon's estate.

claims against Defendants Bieling, Mollica, and Young in their official capacities be dismissed with prejudice.

### 1.    Individual Capacity Claims

"A claim for damages [that would necessarily imply the invalidity of a plaintiff's state court] conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87.  In *Covington v. City of New York*, the Second Circuit held that "if success on a § 1983 claim would necessarily impugn the validity of a conviction in a pending criminal prosecution, such a claim *does not accrue* so long as the potential for a judgment in the pending criminal prosecution continues to exist."  *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999).

In contrast, the Supreme Court held in *Wallace v. Kato*, 549 U.S. 384 (2007), that the statute of limitations for a false arrest claim begins to accrue "when legal process was initiated." *Wallace*, 549 U.S. at 390.  "Following *Wallace*, several Courts have applied that same analysis for Fourth Amendment claims based on events occurring 'between an unlawful arrest and the institution of legal process.'"  *Nussbaumer v. Nesbitt*, 11-CV-6331, 2011 WL 4828844, at *1 (W.D.N.Y. Oct. 7, 2011) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008); *see Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation."); *Johnson v. Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008) (distinguishing between claims that accrue when a litigant first appears before a magistrate, controlled by *Wallace*, and claims that arise during the legal process (controlled by *Heck*)); *Mallard v. Potenza*, 94-CV-0223, 2007 WL 4198246, at *3 (E.D.N.Y. Nov. 21, 2007) (seeing no reason to distinguish between false arrest

and search and seizure claims; "*Wallace* applies with equal force to a claim for an illegal search and seizure.")).

### a.     *Heck* Delayed Accrual Claims

I recommend that Plaintiff's claims for violation of his right to due process, violation of his right to equal protection, and malicious prosecution be dismissed without prejudice as premature pursuant to *Heck* because they seek to impugn the validity of his underlying state court criminal proceeding.  *See McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019) (holding that the plaintiff could not bring a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution" because a fabricated-evidence claim is most analogous to the tort of malicious prosecution, which also only accrues after the plaintiff prevailed in the underlying criminal proceeding); *Roberties v. Huff*, 11-CV-0521, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) (dismissing as premature, pursuant to *Heck*, due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence, and equal protection claims related to the plaintiff's conviction); *Nussbaumer*, 2011 WL 4828844, at *1 (dismissing as premature, pursuant to *Heck*, due process, equal protection, malicious prosecution, and access to the courts claims related to the plaintiff's conviction); *Harris v. Buffardi*, 08-CV-1322, 2011 WL 3794235, at *10 (N.D.N.Y. Aug. 24, 2011) (Sharpe, J.) (where plaintiff's conviction had not been overturned or otherwise invalidated, his claims for "violation of his due process rights, fabrication of evidence, obstruction of justice, bad faith inadequate investigation, and §§ 1983 and 1985 conspiracy—all of which are patent attacks on the validity of his conviction—[were] barred.").

In the alternative, I recommend dismissal of Plaintiff's malicious prosecution claim for failure to state a claim.

To state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts plausibly suggesting the following four elements: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as motivation for defendant's actions. *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 604 (E.D.N.Y. 2017) (citing *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)).

With regard to the second element, "it must be alleged that the prosecution is at an end, either by alleging that defendant was acquitted of the charge, or by alleging facts showing the legal termination of the prosecution complained of, in favor of defendant, prior to the commencement of the action." *Carpenter v. Nutter*, 127 Cal. 61, 63 (1899); *see also Wallace*, 549 U.S. at 392. "Proceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996); *see also Spak v. Phillips,* 857 F.3d 458, 462 (2d Cir. 2017) ("A 'favorable termination' does not occur until the prosecution against the plaintiff has 'conclusively' ended."). A reversal of a criminal conviction and remand for a new trial does not constitute such a termination. *DiBlasio*, 102 F.3d at 658 (citing *Russell v. Smith*, 68 F.3d 33, 36-37 (2d Cir. 1995)); *accord Poventud v. City of New York*, 750 F.3d 121, 130-31 (2d Cir. 2014) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000)) ("[U]nder the common law any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action.").

Plaintiff alleges that on September 19, 2017, Defendant Celie sentenced him to a term of three years incarceration, and two years post-release supervision. (Dkt. No. 1 at 10.) Thus,

Plaintiff has not alleged that the criminal proceeding terminated in his favor.  (*Id*.)  It is not clear based on the allegations of the Complaint whether Plaintiff sought to appeal his criminal conviction.  (Dkt. No. 1 at 9-10 [alleging that Plaintiff was "forced to sign the drug court agreement . . . [and] that by signing the agreement . . . [he] will not have the []right[]s[] to appeal."].)  However, Plaintiff has not alleged that his conviction has been overturned and finally disposed of, such that the charges cannot be brought against him again.  As a result, I recommend that Plaintiff's malicious prosecution claim be dismissed without prejudice.

> **b.    Untimely Claims**

The statute of limitations for a § 1983 action accruing in New York is three years. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment.").

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. §

1915(e)(2)(B)); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (Dancks, M.J.) (same); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Baxter, M.J.) (same).

### i.    False Arrest

As set forth above in Part V.C.1. of this Order and Report-Recommendation, the statute of limitations for a false arrest claim begins to accrue "when legal process was initiated." *Wallace*, 549 U.S. at 390.  According to the Complaint, legal process was initiated against Plaintiff in June 2016.  (Dkt. No. 1 at 7-8.)  Thus, the statute of limitations for Plaintiff's false arrest claim expired three years later, in June 2019.  Plaintiff commenced this action more than one year later, on August 28, 2020.[7]  As a result, I recommend that Plaintiff's false arrest claims against Defendants Bieling, Mollica, and Young in their individual capacities be dismissed as time-barred.[8]

In the alternative, I recommend dismissal of Plaintiff's false arrest claims against Defendants Bieling, Mollica, and Young in their individual capacities for failure to state a claim.

"A § 1983 claim for false arrest, which derives from an individual's right under the Fourth Amendment to be free from unreasonable seizures, including arrest without probable cause, *see, e.g., Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995), is substantially the same as a

---

[7]    Plaintiff's Complaint was filed with the Clerk of the Court on September 17, 2020.  (Dkt. No. 1.)  However, pursuant to the prison mailbox rule, the Complaint is deemed to have been filed on the date that the Complaint was signed, which was August 28, 2020. *Mayandeunas v. Bigelow*, 18-CV-1161, 2019 WL 3955484, at *4 (N.D.N.Y. Aug. 22, 2019) (Suddaby, C.J.) (holding that "the prisoner's federal court complaint was signed (which, pursuant to the Prison Mailbox Rule, is the date of the filing of the prisoner's court action).").

[8]    After carefully reviewing the Complaint, the Court discerns no basis to invoke equitable tolling or equitable estoppel in order to salvage what are otherwise untimely claims.

claim for false arrest under New York law." *Kates v. Greece Police Dep't*, 16-CV-6554, 2017 WL 11548970, at *3 (W.D.N.Y. Feb. 21, 2017) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)). "Under New York law, the elements of a false arrest and false imprisonment claim are: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (per curium)).

"Probable cause 'is a complete defense to an action for false arrest' brought under New York law or § 1983." *Kates*, 2017 WL 11548970, at *3 (citing *Weyant*, 101 F.3d at 852).

"For purposes of the privilege element of a false arrest and imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause." *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 759 (N.Y. 2016); *accord Marshall v. Sullivan*, 105 F.3d 47, 50 (2d Cir. 1996). "A person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest because his conviction establishes that his confinement was grounded on probable cause; therefore, it was privileged." *Johnson v. Pugh*, 11-CV-0385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013); *see also Marcavage v. City of New York*, 689 F.3d 98, 109-10 (2d Cir. 2012) ("Defendants prevail if there was probable cause to arrest Plaintiff[] for any single offense."); *Phelan v. Sullivan*, 541 F. App'x 21, 23-24 (2d Cir. 2013) ("A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested.").

The Complaint alleges that Plaintiff's was convicted and sentenced for his underlying criminal charges. (Dkt. No. 1 at 10.) Thus, his arrest was grounded on probable cause and was privileged. As a result, I recommend that Plaintiff's false arrest claims against Defendants

Bieling, Mollica, and Young in their individual capacities be dismissed for failure to state a claim.

### ii.    Excessive Force

"The statute of limitations applicable to federal claims of . . . excessive force . . . is three years." *B. v. City of New York*, 14-CV-1021, 14-CV-1924, 15-CV-0462, 15-CV-0463, 15-CV-0876, 15-CV-1146, 2016 WL 4530455, at *6 (E.D.N.Y. Aug. 29, 2016) (citing *Gilmore v. Goord*, 360 F. Supp. 2d 528, 530 (W.D.N.Y. 2005); *Shomo*, 579 F.3d at 181). "A claim for excessive force accrues when the use of force occurred." *Mitchell v. Kugler*, 07-CV-1801, 2009 WL 160798, at *6 (E.D.N.Y. Jan. 23, 2009).

Construing the Complaint liberally, as the Court must at this juncture, it alleges that Defendants Bieling and Mollica used excessive force while arresting Plaintiff on June 6, 2016. (Dkt. No. 1 at 6-7, 13; Dkt. No. 1, Attach. 1 at 1.)  Thus, the statute of limitations for Plaintiff's excessive force claim expired on June 6, 2019.  Plaintiff did not commence this action until August 28, 2020.[9]  As a result, I recommend dismissal of Plaintiff's excessive force claims against Defendants Bieling, Mollica, and Young[10] in their individual capacities because those claims are untimely.

---

[9]    *See, supra*, note 7.

[10]    The Complaint does not contain any facts plausibly alleging that Defendant Young was involved in the use of force on June 6, 2016.  (*See generally* Dkt. No. 1.)  Instead, the Complaint alleges only that on June 2, 2016, Defendant Young "signed off on the police report without a search warrant produce[d] or without [Plaintiff] being read [his] Miranda rights or that [he] was under arrest until [he] arrived at the county jail."  (Dkt. No. 1 at 7-8.)  These allegations are insufficient to state a claim for excessive force against Defendant Young.  As a result, in the alternative, to the extent that Plaintiff attempts to assert a use of force claim against Defendant Young, I recommend that such claim be dismissed for failure to state a claim.

### iii.    Failure to Intervene

"It is widely recognized that law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).  "The statute of limitations for a claim based on failure to intervene accrues when the failure to intervene occurs." *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 303 (N.D.N.Y. 2018) (Suddaby, C.J.) (citing *Roundtree v. City of New York*, 15-CV-6582, 2018 WL 443751, at *3 (S.D.N.Y. Jan. 16, 2018)); *accord Mercano v. City of New York*, 15-CV-3544, 2017 WL 1969676, at *3 (S.D.N.Y. May 12, 2017).

Construing the Complaint liberally, as the Court must at this juncture, it alleges that, in the alternative to Plaintiff's excessive force claims against Defendants Bieling and Mollica, they failed to intervene to protect him on June 6, 2016.  (Dkt. No. 1 at 6-7, 13; Dkt. No. 1, Attach. 1 at 1.)  Thus, the statute of limitations for Plaintiff's failure to intervene claim expired on June 6, 2019.  Plaintiff did not initiate this lawsuit until August 28, 2020.[11]  As a result, I recommend dismissal of Plaintiff's failure to intervene claims against Defendants Bieling, Mollica, and Young[12] in their individual capacities because they are untimely.

---

[11]    *See, supra*, note 7.

[12]    To establish a claim of failure to intervene, a plaintiff must prove the following four elements: (1) that a constitutional violation was being committed against the plaintiff; (2) that the officer knew, or deliberately ignored, the fact that the constitutional violation was going to be, or was being, committed; (3) that the defendant had a reasonable opportunity to intervene and prevent the harm; and (4) that the defendant did not take reasonable steps to intervene. *Curley v. Vil. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988); *Henry v. Dinelle*, 10-CV-0456, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011) (Suddaby, J.).  As set forth in note 10 *supra*, the Complaint does not allege that Defendant Young was even present for the use of force on June 6, 2016.  Thus, the Complaint does not contain facts plausibly alleging that Defendant Young had a reasonable opportunity to intervene during the use of force on June 6, 2016.  As a

### iv.     Unlawful Search and Seizure

The statute of limitations for an unlawful search and seizure claim begins to run when the plaintiff is detained pursuant to legal process.  *Hagans v. Nassau Cnty. Police Dep't*, 18-CV-1918, 2020 WL 1289529, at *5 (E.D.N.Y. Mar. 18, 2020) (citing *Mallard v. Potenza*, 94-CV-0223, 2007 WL 4198246, at *5 (E.D.N.Y. Nov. 21, 2007)).

Construing the Complaint liberally, as the Court must at this juncture, it alleges that Defendants Bieling and Mollica unlawfully seized and searched Plaintiff on June 6, 2016.  (Dkt. No. 1 at 6-7, 13; Dkt. No. 1, Attach. 1 at 1.)  Thus, the statute of limitations for Plaintiff's unlawful search and seizure claim expired on June 6, 2019.  Plaintiff did not initiate this lawsuit until August 28, 2020.[13]  As a result, I recommend dismissal of Plaintiff's excessive force claims against Defendants Bieling, Mollica, and Young[14] in their individual capacities because they are untimely.

### 2.     Official Capacity Claims

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Regardless of the nature of the relief sought, in the absence of the

---

result, in the alternative, to the extent that Plaintiff attempts to assert a failure to intervene claim against Defendant Young, I recommend that such claim be dismissed for failure to state a claim.

[13]     *See, supra*, note 7.

[14]     Plaintiff appears to allege that Defendant Young was aware of the unlawful search and seizure when he signed off on the police report.  (Dkt. No. 1 at 7-8.)  However, it is unclear what police report Defendant Young would have been reviewing on June 2, 2016, which was four days before the alleged incident on June 6, 2016.  (*See generally* Dkt. No. 1.)  As a result, in the alternative, to the extent that Plaintiff attempts to assert an unlawful search and seizure claim against Defendant Young, I recommend that such claim be dismissed for failure to state a claim.

State's consent or waiver of immunity, a suit against the State or one of its agencies or

departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal

court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y.

2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).

Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states.

*See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in

his official capacity are treated as a claim against the municipality," and, thus, cannot stand

under the Eleventh Amendment. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y.

2008).

As a result, I recommend that all claims against Defendants Bieling, Mollica, and Young

in their official capacities be dismissed with prejudice and without leave to amend. *Jackson v.*

*Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.),

*report and recommendation adopted*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.).

## VI.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires."). An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.")  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[15]

For the reasons stated in Section V.C.1.a., I recommend that Plaintiff's claims regarding due process, equal protection, and malicious prosecution "be dismissed without prejudice until and if the conviction is later overturned or vacated." *Kates v. Greece Police Dep't*, 16-CV-6544, 2017 WL 11548969, at *3 (W.D.N.Y. Nov. 13, 2017).

For the reasons stated in Section V.C.1.b., all of Plaintiff's claims that accrued before August 28, 2017, are barred by the statute of limitations.  Nonetheless, a district court typically should not dismiss claims as time-barred without providing a *pro se* plaintiff with "notice and opportunity to be heard" as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered.  *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).  Therefore, it is recommended that Plaintiff's time-barred claims be dismissed with leave to amend.  This by no means suggests that Plaintiff's time-barred claims are meritorious, as it appears very unlikely that Plaintiff can state federal constitutional claims based upon any of the time-barred claims in his complaint.

---

[15]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

However, I recommend that Plaintiff's claims against Defendants Burnetti and Celie be dismissed with prejudice based on the doctrine of judicial immunity. *See Olszyk v. Thorne*, 20-CV-0445, 2020 WL 5634328, at *9 (N.D.N.Y. June 17, 2020) (Lovric, M.J.) (recommending dismissal with prejudice, claims against a judge overseeing the plaintiff's parole violation based on the doctrine of judicial immunity), *report and recommendation adopted by* 2020 WL 5633791 (N.D.N.Y. Sept. 21, 2020) (McAvoy, J.); *Wellington v. Foland*, 19-CV-0615, 2019 WL 3315181, at *11 (N.D.N.Y. July 24, 2019) (Lovric, M.J.) (recommending dismissal with prejudice and without leave to amend, claims against a village court judge based on the doctrine of absolute immunity), *report and recommendation adopted by*, 2019 WL 6485157 (N.D.N.Y. Dec. 3, 2019) (Suddaby, C.J.); *Brooks v. Ukieley,* 14-CV-6662, 2015 WL 235406, at *4 (E.D.N.Y. Jan. 16, 2015) (dismissing the plaintiff's claims in their entirety with prejudice against Judges Ukieley and Toomey based on the doctrine of judicial immunity); *Gonzalez v. Sharpe,* 06-CV-1023, 2006 WL 2591065, at *3 (N.D.N.Y. Sept. 8, 2006) (Scullin, J.) (dismissing without leave to amend, the plaintiff's claims against U.S. District Court Judge Gary L. Sharpe based on the doctrine of judicial immunity).

Moreover, I recommend that Plaintiff's claims against Defendants Nordon and Carden be dismissed with prejudice. *See Giles v. Fitzgerald*, 20-CV-0980, 2020 WL 6287459, at *10 (N.D.N.Y. Oct. 27, 2020) (Lovric, M.J.) (recommending dismissal with prejudice, claims pursuant to 42 U.S.C. § 1983, against the plaintiff's attorneys in his underlying criminal action); *Caldwell v. Barrier*, 19-CV-1516, 2020 WL 918717, at *3 (N.D.N.Y. Feb. 26, 2020) (Hummel, M.J.) (dismissing with prejudice, claims against the defendant private attorney, who represented the plaintiff in different case because the defendant was not liable under § 1983), *report and recommendation adopted by* 2020 WL 1904034 (N.D.N.Y. Apr. 17, 2020 (Sannes, J.).

In addition, I recommend that any claims against Defendants Bieling, Mollica, and Young in their official capacities be dismissed with prejudice. *See Giles*, 2020 WL 6287459, at *11 (recommending dismissal with prejudice, claims for monetary damages against the defendant police officers in their official capacities based on Eleventh Amendment immunity); *Wrobleski v. Miller*, 19-CV-0876, 2019 WL 6496723, at *9 (N.D.N.Y. Dec. 2, 2019) (Lovric, M.J.) (recommending dismissal with prejudice and without leave to amend, claims against officers in their official capacities pursuant to the doctrine of immunity pursuant to the Eleventh Amendment), *report and recommendation adopted in part and rejected in part on other grounds*, 2020 WL 219221 (N.D.N.Y. Jan. 15, 2020) (Sharpe, J.); *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.) (dismissing with prejudice and without leave to amend, claims against police officers in their official capacities based on the doctrine of immunity pursuant to the Eleventh Amendment), *report and recommendation adopted by*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.).

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named

defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended IFP application (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 6) and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff's inmate authorization form (Dkt. No. 6) to the Financial Deputy of the Clerk's Office; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it alleges claims for violation of his right to due process, violation of the equal protection clause, false arrest, excessive force, failure to intervene, unlawful search and seizure, and malicious prosecution against Defendants Bieling, Mollica, and Young in their individual capacities, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief may be granted; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it alleges claims against (1) Defendant Burnettii, (2) Defendant Celie, (3) Defendant Nordon, (4) Defendant Carden, and (5) Defendants Bieling, Mollica, and Young in their official capacities, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim and because those claims seek relief from defendants who are immune from such relief; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[16]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: January  6 , 2021
        Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[16]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).